74 F.3d 1245
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CONFEDERATED BANDS AND TRIBES OF the YAKAMA NATION,
Plaintiff-Appellant,
v.
Togo D. WEST, Secretary of the Army, et al., Defendants-Appellees.
 No. 95-36024.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1995.*
Decided Jan. 11, 1996.
 
 Before: SNEED, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Confederated Tribes and Bands of The Yakama Nation (the "Nation") appeals the district court's denial of a preliminary injunction barring the United States Army from continuing its military training at the Yakima Training Center. The Nation contends that imposition of a preliminary injunction was appropriate to protect its rights under a Memorandum of Agreement entered into between the Nation and the Army. We have jurisdiction under 28 U.S.C. Sec. 1292(a)(1), and we affirm.[1]
 
 
 3
 A party seeking a preliminary injunction must show (1) a likelihood of success on the merits of its claim and the possibility of irreparable harm, or (2) serious questions going to the merits and the balance of hardship tipping sharply in its favor. Pratt v. Rowland, 65 F.3d 802, 805 (9th Cir.1995). A preliminary injunction "will be reversed only if the district court relied on an erroneous legal premise or abused its discretion." Id.
 
 
 4
 The Nation does not contend that the district court relied upon the wrong legal standard in denying the preliminary injunction. See Pratt, 65 F.3d at 805. Further, the Nation does not demonstrate a likelihood of success on the merits of its claim that the Army failed to observe its obligations under the Memorandum of Agreement. The evidence suggests that the Army has taken efforts to ensure the protection of natural, cultural, and archaeological resources within the Yakima Training Center. Moreover, no serious legal question is raised concerning the merits of the appeal, as appellant stated that the appeal involved application of basic contract law. Accordingly, the district court did not abuse its discretion in denying the preliminarily injunction. See id.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Army argues that the district court lacked subject matter jurisdiction. We express no opinion as to the jurisdictional issue at this stage of proceeding. See Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1380 n. 3 (9th Cir.1988) (district court may allow amendment of complaint to remedy defective allegations of jurisdiction), cert. denied, 488 U.S. 1006 (1989)